# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MURRELL VAILES,<br><br>　　　　　Defendant. | 2:22-CR-104-JAD-BNW<br><br>**Preliminary Order of Forfeiture** |

　　　　This Court finds Murrell Vailes pled guilty to Counts One and Two of a Two-Count Criminal Indictment charging him in Count One with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and in Count Two with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

　　　　This Court finds Murrell Vailes agreed to the forfeiture of the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 49; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

　　　　This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Criminal Indictment and the offenses to which Murrell Vailes pled guilty.

　　　　The following property is (1) any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1); (2) any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 21 U.S.C. § 841(a)(1); (3) any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of 21 U.S.C. § 841(a)(1); (4) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense; (5) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 841(a)(1); (6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1); (7) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and 881(a)(2), in violation of 21 U.S.C. § 841(a)(1) and any proceeds traceable to such property; and (8) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1), and is subject to forfeiture under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c):

1. $12,500;
2. a Pioneer Arms Sporter 7.62 caliber rifle, bearing serial number PAC1157285;
3. a Pioneer Arms 7.62 caliber pistol, bearing serial number PAC1158347;
4. a Taurus G2C 9 mm pistol, bearing serial number ACK406978;
5. a Taurus G2C 9mm pistol, bearing serial number ACK407004;
6. a Glock GMBH, model 17, 9mm pistol, bearing serial number ABPX445, with an extended high-capacity magazine;
7. a Romarm/Cugir, Model Micro Draco, 7.62 caliber pistol, bearing serial number 21PMD-24219;
8. a Taurus G2C 9mm pistol, bearing serial number ACG036249;

        9.      an ABC Rifle Company, Model ABC-15, multi-caliber rifle, serial number 77-6654; and

        10.     any and all compatible ammunition

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Murrell Vailes in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under

21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Misty L. Dante
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED: November 2, 2023.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

4