**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff<br><br>v.<br><br>Murrell Vailes,<br><br>  Defendant | Case No.: 2:22-cr-0104-JAD-BNW<br><br>**Order Denying Motion to Vacate,<br>Set Aside, or Correct Sentence**<br><br>[ECF No. 88] |

Defendant and petitioner Murrell Vailes is serving two concurrent federal sentences—one for 120 months for being a felon in possession of a firearm, and one for 154 months and 27 days for possessing methamphetamine with the intent to distribute it.[1] Vailes now moves for habeas relief under 28 U.S.C. § 2255. He brings three ineffective-assistance-of-counsel claims, alleging that (1) one of his attorneys "engage[d] in misconduct involving dishonesty, deceit, or misrepresentation by falsifying statements in the motion to suppress reply," (2) another coerced him into taking a plea deal, and (3) a third attorney told him to accept a plea offer "because he was new to the case and didn't know all the facts."[2] Vailes also contends that law enforcement violated his Fourth Amendment right to be free from unreasonable searches and seizures by "illegally obtain[ing] a search warrant" to search his residence and vehicles.[3] The government responds that Vailes's claims are supported by neither the facts nor the law. Because Vailes's

---

[1] ECF No. 84.
[2] ECF No. 88.
[3] *Id.* at 5.

motion contains no legal argument for modification or vacatur of his sentence and the record conclusively establishes that he is not entitled to the relief he seeks, I deny his motion.

## Background

In May 2022, the government indicted Murrell Vailes on one count of being a felon in possession of a firearm and one count of possession with intent to distribute methamphetamine.[4] Vailes initially pled not guilty, but in November of the following year, he changed his plea to guilty under a binding plea agreement.[5] In his guilty-plea agreement, Vailes waived "(a) the right to appeal any sentence imposed within or below the applicable Sentencing Guidelines range as determined by the Court; (b) the right to appeal the manner in which the Court determined the sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence."[6] Vailes also waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."[7]

He was sentenced four months later, after I listened to arguments from counsel and heard Vailes's allocution.[8] I granted the parties' request for a downward variance under 18 U.S.C. § 3553(a) and sentenced Vailes to 120 months in prison for the felon-in-possession

---

[4] ECF No. 1.
[5] ECF Nos. 9, 67.
[6] ECF No. 119 at 9.
[7] *Id.*
[8] ECF No. 82.

count concurrent to 154 months and 27 days for the drug charge.[9]  I also ordered that these sentences run concurrently with the two state-court sentences Vailes was serving.

Vailes now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[10]  He asserts three claims for ineffective assistance of counsel, alleging that three of his attorneys were ineffective.  He argues that one of his attorneys falsified statements in the briefing, another coerced him into making a plea deal, and a third told him to accept a plea deal because "he was new to the case and didn't know all the facts."[11]  He also claims that his Fourth Amendment rights were violated because the Las Vegas Metropolitan Police Department (Metro) illegally obtained a search warrant to search his residence and vehicles.[12]  The government responded, arguing that Vailes waived his right to bring these claims, and regardless, the evidence fails to support them.[13]  The deadline to reply has passed, and Vailes has not filed a reply brief or moved to extend the deadline to do so.

**Discussion**

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[14]  If the court so finds, it must "vacate and set the judgment aside and . . . discharge the

---

[9] *Id.*
[10] ECF No. 88.
[11] *Id.* at 1–2.
[12] *Id.* at 5.
[13] *Id.* at 3–4.
[14] 28 U.S.C. § 2255(a).

prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate."[15] A prisoner filing a claim for federal habeas relief under § 2255 is entitled to service upon the United States Attorney and an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[16] No evidentiary hearing is warranted if the petitioner's "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[17]

Liberally construed, Vailes argues that counsel falsified statements in a brief submitted to the court, coerced him into taking a plea deal, and told him to accept a plea offer because he did not have sufficient time to meet court deadlines. And Vailes brings a substantive Fourth Amendment claim that Metro "fabricated a[n] affidavit to illegally obtain a search warrant for [his] residence and vehicles."[18]

**A.     Vailes has not demonstrated that § 2255 relief is available.**

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[19] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance-of-counsel (IAC) claim requires a petitioner to show that (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the

---

[15] *Id.* at § 2255(b) (cleaned up).

[16] *Id.*; *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984))).

[17] *Leonti*, 326 F.3d at 1116 (cleaned up).

[18] ECF No. 88 at 5.

[19] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

particular case[20] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[21] Both prongs of the *Strickland* inquiry must be satisfied to establish constitutionally ineffective assistance of counsel; a failure to satisfy either requires that the petitioner's claim be denied.[22] Federal courts need not address the prejudice prong of the *Strickland* test "if the petitioner cannot even establish incompetence under the first prong."[23] Conversely, courts "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[24]

> **1.  *Vailes's first claim fails because he provides no evidence to support his contention that his first court-appointed counsel made misrepresentations in briefing submitted to the court.***

Vailes's claim that his counsel was ineffective because she "intentionally engage[d] in misconduct involving dishonesty, deceit, or misrepresentation by falsifying statements in the motion to suppress reply" fails because he offers no facts to support it.[25] He claims that the supposed deceit "pertain[s] to a conversation between [him]self and a[n] undercover officer," but he provides no information about this conversation or the supposedly false statements his lawyer included in briefing submitted to the court.[26] This claim lacks merit, so it is denied.

---

[20] *Id.* at 690.
[21] *Id.* at 694.
[22] *Id.* at 697.
[23] *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).
[24] *Strickland*, 466 U.S. at 697.
[25] ECF No. 88 at 4.
[26] *Id.*

### 2. *Vailes knowingly and voluntarily entered into his plea agreement.*

"A plea agreement is made knowingly if the defendant understands the terms and, to a certain extent, the consequences of the agreement."[27] And "[a] plea agreement is made voluntarily if the defendant is not 'induced by promises or threats' to enter the agreement."[28] The United States Supreme Court in *Hill v. Lockhart* articulated a specific test for IAC claims challenging guilty pleas.[29] To prevail, the petitioner must show that "(1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[30]

Vailes argues that his "second attorney" was ineffective because he coerced him into pleading guilty.[31] It is unclear how the person Vailes calls his "second attorney," but fails to identify, coerced him into accepting a plea deal when Richard Tanasi was his counsel when he accepted the plea agreement, and Vailes refers to Tanasi as his "third attorney."[32] Regardless, the allegations Vailes advances here do not demonstrate coercion or threat; at most they indicate that his attorney encouraged him to accept a favorable plea deal. And at the hearing concerning Vailes's plea agreement, Chief District Judge Andrew Gordon informed Vailes of the charges against him, the consequences of his plea, the rights he would waive if he pled guilty, and the

---

[27] *United States v. Rodriguez*, 49 F.4th 1205, 1212 (9th Cir. 2022).
[28] *Id.* (quoting *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007)).
[29] *Hill v. Lockhart*, 474 U.S. 52 (1985).
[30] *Washington v. Lampert*, 422 F.3d 864, 873 (9th Cir. 2005) (cleaned up).
[31] ECF No. 88 at 4.
[32] *Id.*

government's burden of proof if he were to go to trial.[33]  Judge Gordon asked Vailes if he discussed the agreement with his attorney and understood all of its terms.[34]  He informed him that by pleading guilty he was waiving his right to appeal and collaterally attack his conviction, with a few exceptions.[35]  He replied to all of these questions with unequivocal yeses and confirmed that no one had threatened or forced him to plead guilty.[36]  Thus, Vailes's claim that his counsel coerced him into pleading guilty is belied by the record.

And Vailes's claim that his "third attorney" was ineffective in "inform[ing] [him] to accept the best plea offer" "[b]ecause he was new to the case and didn't know all the facts" also fails because he offers no facts to support it.  Vailes acknowledged both in his written guilty-plea agreement and during his change-of-plea hearing that he read and understood the plea agreement and all of its terms and conditions, that he believed that he had adequate time to discuss his case, the evidence, and the plea agreement with his attorney, and that he in fact had thoroughly discussed the plea agreement with his attorney.[37]  Vailes also offers no facts to suggest that his attorney could have negotiated a more favorable plea deal had he been given more time.  The plea deal was favorable to Vailes because the parties jointly agreed to recommend a 180-month custodial sentence, well below the 262–327-month guideline range.

---

[33] *See generally* ECF No. 90 (plea-agreement hearing transcript).
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*; ECF No. 68.

### 3. Vailes waived his right to bring a substantive Fourth Amendment claim.

Vailes lastly argues that his Fourth Amendment rights were violated because Metro police officers "fabricated a[n] affidavit to illegally obtain a search warrant for [his] residence and vehicles."[38] But he signed a plea agreement in which he waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to [his] conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."[39] Because I find that Vailes voluntarily entered into his plea agreement and was informed of its impact on his collateral-attack rights, I conclude that he waived any grounds for relief not based on alleged ineffective assistance of counsel or the involuntary nature of his plea.

## B. The court will not issue a certificate of appealability.

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability.[40] When "the district court has rejected the constitutional claim on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[41] Because Vailes has not shown that my assessment of his claims is debatable or wrong, I deny him a certificate of appealability on all claims.

---

[38] ECF No. 88 at 5.

[39] ECF No. 68 at 14–15.

[40] 28 U.S.C. § 2253(c).

[41] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

**Conclusion**

IT IS THEREFORE ORDERED that Murrell Vailes's motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255 **[ECF No. 88] is DENIED, and Vailes is DENIED a certificate of appealability**.

The Clerk of Court is directed to **enter a separate civil judgment** denying Vailes's § 2255 petition and denying a certificate of appealability. The Clerk must also file this order and the civil judgment in this case and the related civil case: 2:25-cv-00391-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
July 2, 2025